CLOSED,CUSTODY

# United States District Court
## District of Massachusetts (Springfield)
## CRIMINAL DOCKET FOR CASE #: 3:24−mj−03161−KAR−1
### *Internal Use Only*

Case title: USA v. Stenwick

Date Filed: 12/03/2024

Date Terminated: 12/13/2024

Assigned to: Magistrate Judge
Katherine A. Robertson

**Defendant (1)**

**Ryan Stenwick**
*TERMINATED: 12/13/2024*

represented by **Kevin G. Murphy**
Casartello & Murphy, LLC
121 State Street
Suite 203
Springfield, MA 01103
413−781−4700
Fax: 413−781−0471
Email: kgmurphy@cmattys.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**                     **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                  **Disposition**

None

**Highest Offense Level**
**(Terminated)**

None

**Complaints**                         **Disposition**

Cyberstalking 18:2261.F

**Plaintiff**

**USA**                          represented by  **Steven H. Breslow**
                                                United States Attorney's Office
                                                300 State Street
                                                Springfield, MA 01105−2926
                                                413−785−0330
                                                Fax: 413−785−0394
                                                Email: steve.breslow@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2024 | | Arrest (Rule 5) of Ryan Stenwick. (Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 3 | Copy of Rule 5 Documents received from Eastern District of Pennsylvania by USA as to Ryan Stenwick. (Attachments: # 1 Order Authorizing Bench Warrant, # 2 Arrest Warrant)(Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 4 | MOTION for Detention as to Ryan Stenwick by USA. (Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 5 | MEMORANDUM in Support by USA as to Ryan Stenwick re 4 MOTION for Detention (Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 6 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Counsel, USPO LaValley, and Defendant appear for Initial Appearance in Rule 5(c)(3) Proceedings as to Ryan Stenwick held on 12/3/2024. A copy of the Indictment was provided and discussed with counsel. Defendant notified of his rights, the charges & potential penalties. Order pursuant to Federal Rule of Criminal Procedure 5(f) was read in open court and a written order shall issue. Defendant waives right to identity hearing and executes waiver. The Government is seeking detention. The court sets a detention hearing for December 5, 2024, at 2:45 p.m. The court remands Defendant to Marshals custody pending detention hearing. (Attorneys present: AUSA Steven Breslow, Atty Kevin G. Murphy. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 7 | WAIVER of Rule 5 (Identity) Hearings by Ryan Stenwick (Healy, Bethaney) (Entered: 12/04/2024) |
| 12/03/2024 | 8 | Magistrate Judge Katherine A. Robertson: ORDER entered. ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5(f) entered as to Ryan Stenwick. (Healy, Bethaney) (Entered: 12/04/2024) |

| 12/03/2024 | 9 | Magistrate Judge Katherine A. Robertson: ORDER OF TEMPORARY DETENTION as to Ryan Stenwick ENTERED. Detention Hearing set for 12/5/2024 02:45 PM in Franklin Courtroom (In person only) before Magistrate Judge Katherine A. Robertson. (Healy, Bethaney) (Entered: 12/04/2024) |
| --- | --- | --- |
| 12/04/2024 | 1 | ELECTRONIC NOTICE of Case Assignment as to Ryan Stenwick; Magistrate Judge Katherine A. Robertson assigned to case. (Zamorski, Michael) (Entered: 12/04/2024) |
| 12/04/2024 | 2 | ELECTRONIC NOTICE OF HEARING as to Ryan Stenwick Detention Hearing set for 12/5/2024 02:45 PM in Franklin Courtroom (In person only) before Magistrate Judge Katherine A. Robertson. (Zamorski, Michael) (Entered: 12/04/2024) |
| 12/05/2024 | 10 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Counsel (AUSA Breslow and Attorney K. Murphy), Defendant (UC), and USPO Lavalley appear for Detention Hearing as to Ryan Stenwick held on 12/5/2024. AUSA Anthony Carissimi (PAED) and S/A Edward Conway (PAED) appear via zoom for hearing.

Colloquy re: Government's proposed exhibits. The court admits the exhibits. Arguments heard re: detention. Court takes matter under advisement. Defendant is remanded to Marshals Service custody pending decision by the court.

Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (Healy, Bethaney) (Entered: 12/06/2024) |
| 12/10/2024 | 11 | AFFIDAVIT in Support of Special Agent E. Edward Conway, Federal Bureau of Investigation; by USA as to Ryan Stenwick re 4 MOTION for Detention (Attachments: # 1 Exhibit Santa Cruz, California Sheriffs Department reports (flied under seal))(Breslow, Steven) (Entered: 12/10/2024) |
| 12/10/2024 | 12 | MOTION to Seal Document *(Government Exhibits 1−4, 6−9, and 11−15)* as to Ryan Stenwick by USA. (Breslow, Steven) (Entered: 12/10/2024) |
| 12/10/2024 | 13 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting 12 Motion to Seal Document as to Ryan Stenwick (1) (Zamorski, Michael) (Entered: 12/10/2024) |
| 12/10/2024 | 14 | *SEALED* Sealed Document Government's Exhibit 15 (Zamorski, Michael) (Entered: 12/10/2024) |
| 12/12/2024 | 15 | Magistrate Judge Katherine A. Robertson: ORDER entered. ORDER OF DETENTION as to Ryan Stenwick.(Lendon, Tyler) (Entered: 12/12/2024) |
| 12/12/2024 | 16 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting 4 Motion for Detention as to Ryan Stenwick (1). (Lendon, Tyler) (Entered: 12/12/2024) |
| 12/13/2024 | 17 | Magistrate Judge Katherine A. Robertson: ORDER entered. COMMITMENT TO ANOTHER DISTRICT as to Ryan Stenwick. Defendant committed to District of Eastern District of Pennsylvania. (Healy, Bethaney) (Entered: 12/13/2024) |
| 12/13/2024 | | (Court only) Case Terminated as to Ryan Stenwick. (Healy, Bethaney) (Entered: 12/13/2024) |

| 12/13/2024 | 18 | Rule 5(c)(3) Documents Sent as to Ryan Stenwick to Eastern District of Pennsylvania District. (Healy, Bethaney) (Entered: 12/13/2024) |
|---|---|---|

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Kevin G. Murphy (kgmurphy@cmattys.net), Magistrate Judge Katherine A.
Robertson (jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11120823@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Case Assigned/Reassigned
Content-Type: text/html
```

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/4/2024 at 2:41 PM EST and filed on 12/4/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | 3:24−mj−03161−KAR |
| **Filer:** | |
| **Document Number:** | 1(No document attached) |

**Docket Text:**
 **ELECTRONIC NOTICE of Case Assignment as to Ryan Stenwick; Magistrate Judge Katherine A. Robertson assigned to case. (Zamorski, Michael)**

**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Kevin G. Murphy (kgmurphy@cmattys.net), Magistrate Judge Katherine A.
Robertson (jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11120825@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Notice of Hearing
```
Content−Type: text/html

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/4/2024 at 2:43 PM EST and filed on 12/4/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | 3:24−mj−03161−KAR |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
 **ELECTRONIC NOTICE OF HEARING as to Ryan Stenwick Detention Hearing set for 12/5/2024 02:45 PM in Franklin Courtroom (In person only) before Magistrate Judge Katherine A. Robertson. (Zamorski, Michael)**


**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy     kgmurphy@cmattys.net

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11121460@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Arrest - Rule 5
```
Content−Type: text/html

### United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 12/4/2024 at 4:54 PM EST and filed on 12/3/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | <u>3:24−mj−03161−KAR</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest (Rule 5) of Ryan Stenwick. (Healy, Bethaney)**

**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy     kgmurphy@cmattys.net

Steven H. Breslow     steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov,
Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| v. | : | DATE FILED: November 7, 2024 |
| RYAN STENWICK | : | VIOLATIONS: 18 U.S.C. § 2261A(2) (cyberstalking – 1 count) |
| | : | 18 U.S.C. § 2261A(1) (stalking – 2 counts) |
| | | 18 U.S.C. § 844(h) (use of fire in |
| | : | commission of a federal felony - 1 count) |
| | | 18 U.S.C. § 2 (aiding and abetting) |

## INDICTMENT

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

From on or about April 8, 2020 to on or about July 11, 2020, in the Eastern

District of Pennsylvania and elsewhere, defendant

### RYAN STENWICK,

with the intent to harass and intimidate, used an interactive computer service, an electronic

communication service, and a facility of interstate and foreign commerce, to engage in a course

of conduct, including but not limited to swatting, distributing nude images, and forcing K.M. to

commit various depraved acts on video, and aided and abetted such conduct, that caused,

attempted to cause, and would be reasonably expected to cause substantial emotional distress to

victim K.M, and as a result of such conduct serious and life-threatening bodily injury resulted,

and such conduct caused K.M. to engage in a sexual act by threatening and placing K.M. in fear.

In violation of Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(2),

2261(b)(3), 2261(b)(4), 2242(1), and 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 18, 2021, in the Eastern District of Pennsylvania and elsewhere, defendant

### RYAN STENWICK

and others, aided, abetted, counseled, commanded, and induced Patrick McGovern-Allen, charged elsewhere, and Juvenile 1, a person known to the grand jury, to travel in interstate commerce from New Jersey to Abington Township, Pennsylvania, with the intent to harass and intimidate another person, A.R., a juvenile, and in the course of and as a result of such travel caused substantial emotional distress to A.R. and placed a member of A.R.'s immediate family in reasonable fear of death or serious bodily injury, and the defendant aided and abetted the use of a dangerous weapon during the offense.

In violation of Title 18, United States Code, Sections 2261A(1), 2261(b), and 2261B, and 2.

2

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 18, 2021, in the Eastern District of Pennsylvania and elsewhere, defendant

## RYAN STENWICK

and others, knowingly aided, abetted, counseled, commanded, and induced the use of fire, to commit stalking, in violation of Title 18, United States Code, Sections 2261A(1), 2261(b) and 2261B, a felony prosecutable in a court of the United States, as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Sections 844(h)(1) and 2.

3

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 2, 2022, in the Eastern District of Pennsylvania and elsewhere, defendant

### RYAN STENWICK

and others, aided, abetted, counseled, commanded, and induced Patrick McGovern-Allen, charged elsewhere, and Juvenile 1, to travel in interstate commerce from New Jersey to Westtown-East Goshen Township, Pennsylvania, with the intent to harass and intimidate another person, K.M., and in the course of and as a result of such travel placed K.M. and others in reasonable fear of death or serious bodily injury, and the defendant aided and abetted the use of a dangerous weapon during the offense.

In violation of Title 18, United States Code, Sections 2261A(1), 2261(b), and 2.

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

**JACQUELINE C. ROMERO**
**United States Attorney**

4

No. _ _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

RYAN STENWICK

INDICTMENT

Counts

**18 U.S.C. § 2261A(2) (cyberstalking - 1 count)**
**18 U.S.C. § 2261A(1) (stalking – 2 counts)**
**18 U.S.C. § 844(h) (use of fire in commission of a federal**
**felony - 1 count)**
**18 U.S.C. § 2 (aiding and abetting)**

A true bill.

_____
Foreperson

Filed in open court this _____ day,
of _____ A.D. 20 ___

_____
Foreperson

Bail, $ _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

        v.          :          CRIMINAL NO.   24

RYAN STENWICK          :

## ORDER FOR BENCH WARRANT

AND NOW, this 7th day of November, 2024, on motion of Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, it is ORDERED that a bench warrant be issued for the arrest of the defendant in the above-captioned case.

BY THE COURT:

_____

HONORABLE JOSE R. ARTEAGA
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

           v.          :          CRIMINAL NO.   24-

RYAN STENWICK          :

## MOTION FOR BENCH WARRANT

AND NOW, this 7TH   day of  November  2024, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Anthony J. Carissimi, Assistant United States Attorney move the Court for the allowance of a bench warrant in the above-entitled case directed to the United States Marshal, Eastern District of Pennsylvania, or any other United States Marshal or officer authorized to execute same.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ ANTHONY J. CARISSIMI*
Anthony J. Carissimi
Assistant United States Attorney

14

AO 442 (Rev. 11/11) Arrest Warrant ATF

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RYAN STENWICK | ) |
| | ) |
| | ) |
| | ) |

Case No. 24cr407

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   RYAN STENWICK                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
18:2261A(2) - CYBERSTALKING - 1 COUNT
18:2261A(1) - STALKING - 2 COUNTS
18:844(h) - USE OF FIRE IN COMMISSION OF A FEDERAL FELONY - 1 COUNT
18:2 - AIDING AND ABETTING

Date:     11/08/2024                                    /s/ KEVIN EIBEL, SUPERVISOR
                                                        *Issuing officer's signature*

City and state:     PHILA, PA.                          GEORGE WYLESOL, CLERK OF COURT
George Wylesol, Clerk of Court                          *Printed name and title*
U.S. District Court, Eastern District of PA

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |

Date:  _____                                 _____
                                                        *Arresting officer's signature*

                                                        _____
                                                        *Printed name and title*

**INFORMATION SHEET**
*DO NOT REMOVE FROM TOP OF FILE*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | FILE NO.2024R00384 |
| | : | |
| v. | : | CRIMINAL NO. 24-    cr - 407 |
| | : | |
| | : | DESCRIPTION OF VIOLATION AS PER |
| RYAN STENWICK | : | INDICTMENT: |

**18 U.S.C. § 2261A(2)** (cyberstalking - 1 count)
**18 U.S.C. § 2261A(1)** (stalking – 2 counts)
**18 U.S.C. § 844(h)** (use of fire in commission of a federal felony - 1 count)
**18 U.S.C. § 2** (aiding and abetting)

| | |
|---|---|
| *Defendant's current address* | 175 Althea Street,  West Springfield, Mass |
| *Place of detention* | N/A |
| *Federal or local custody* | N/A |
| *Register number* | N/A |
| *Date of birth/PPD Photo number* | 8/27/2000 |
| *Date of commitment on instant federal charges* | N/A |
| *Reason(s) for detention* | N/A |

*Interpreter needed*   ☑ *no*    ☐ *unknown*    ☐ *yes - specify language or dialect:*

| | | |
|---|---|---|
| *Amount of bail* | *Name and* | N/A |
| ☑ *set*   ☐ *posted* | *address of* | N/A |
| ☐ *recommended*   ☐ N/A | *bondsman* | N/A |

| | |
|---|---|
| *Name and address of defendant's attorney* | Kevin Murphy, Esquire |
| *Telephone / fax number* | |
| *Assistant U.S. Attorney(s) assigned to case* | Anthony J. Carissimi |
| *Case agent's name* | Special Agent Ned Conway, FBI<br>EEConway@fbi.gov; 215-738-9074 |
| *Agency* | ATF |

*(continued on reverse side)*

16

*All notices should be sent to:*                    Chief, Criminal Division
                                                    United States Attorney's Office
                                                    One Independence Mall - Suite 1250
                                                    615 Chestnut Street
                                                    Philadelphia, PA 19106-4476

*Prior docket information:*
*Docket No.*___N/A___       *Magistrate Judge*___N/A_____
        *Date*___N/A___

*Related indictments, docket numbers, and defendants:*
US v. Patrick McGovern-Allen (docket no 2:22-cr-00288)

**Mandatory Minimum Charged:** *Yes, if at least one count, or No:* ☐ *NO* ☑ *YES*

**Statutory Minimum Mandatory Time** *(in years):* _10_____

*Maximum sentence: {list maximum sentence for each count separately}*

Count One – The maximum penalty for violating the cyberstalking statute in this case is based on 18 USC 2261(b)(4), 18 U.S.C. 2261A, 2261(b) shall be fined under this title and imprisoned for any term of years or for life.

Count Two: The maximum penalty for violating 18 U.S.C § 2261A(1) is 15 years' imprisonment because a dangerous weapon was used and the victim was a juvenile, 3 years of supervised release, a fine up to $250,000, a $100 special assessment and restitution.

Count Three: The maximum penalty for violating 18 U.S.C § 2261A(1) is a mandatory minimum 10 years' imprisonment, 3 years of supervised release and a $100 special assessment.

Count Four: The maximum penalty for violating 18 U.S.C § 2261A(1) is 10 years' imprisonment because a dangerous weapon was used, 3 years of supervised release, a fine up to $250,000, a $100 special assessment and restitution.

Total Maximum:  Life Imprisonment, 3 years supervised release, a fine of $750,000 and $300 special assessment

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**

**RYAN STENWICK,**

       **Defendant.**

Crim. No. 24-mj-_____-KAR

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION OF DEFENDANT PURSUANT TO 18 U.S.C. §§ 3142(e) and (f)

The United States of America, by its undersigned attorneys ("the Government"), moves for pretrial detention of the defendant, pursuant to 18 U.S.C. §§ 3142(e) and (f).

1. <u>Eligibility of Case</u>. This case is eligible for a detention order because it involves (check all the apply):

   \_\_\_\_   Crime of violence (18 U.S.C. §§ 3142(f)(1)(A) and 3156)

   XXX   Maximum sentence life imprisonment or death (18 U.S.C. § 3142(f)(1)(B))

   \_\_\_\_   10 plus years drug offense (18 U.S.C. § 3142(f)(1)(C))

   \_\_\_\_   Felony, with two prior convictions in above categories (18 U.S.C. § 3142(f)(1)(D))

   XXX   Felony involving minor victim/possession of firearm / destructive device (18 U.S.C. § 3142(f)(1)(E))

   XXX   Serious risk defendant will flee (18 U.S.C. § 3142(f)(2)(A))

   \_\_\_\_   Serious risk of obstruction of justice

1

2. <u>Reason for Detention</u>. The court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

<u>XXX</u>   Defendant's appearance as required

<u>XXX</u>   Safety of any other person and the community

3. <u>Rebuttable Presumption</u>. None.

4. <u>Time for Detention Hearing</u>. The Government requests the court conduct the detention hearing after three days. <u>18 U.S.C. § 3142(f)</u>.

5. <u>Witnesses</u>.

The Government intends to proceed by proffer with exhibits consisting of videos showing: (1) the defendant committing the offense of cyberstalking against K.M. by forcing her to commit acts of self-harm and violence; (2) two people hired by the defendant throwing a Molotov cocktail at a house; and (3) two people hired by the defendant shooting at a house.

6. <u>Other Matters</u>.

None.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

Steven H. Breslow
Digitally signed by Steven H. Breslow
Date: 2024.12.03 12:05:23 -05'00'

By:   _/s/ Steven H. Breslow_____
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

Dated:   December 3, 2024

2

**Certificate of Service**

I hereby certify that this document will be filed with the Court and a copy will be sent by e-mail to Kevin G. Murphy, Esq., who has been retained by the defendant during the investigation of the offenses charged in the Indictment.


By:     */s/ Steven H. Breslow*
        STEVEN H. BRESLOW
        Assistant U.S. Attorney

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

   **v.**

**RYAN STENWICK,**

              **Defendant.**

**No. 24-mj-_____-KAR**

GOVERNMENT'S MEMORANDUM IN SUPPORTS OF ITS
MOTION FOR PRETRIAL DETENTION OF DEFENDANT RYAN STENWICK

The United States of America, by and through its undersigned counsel ("the Government"), respectfully submits this Memorandum in support of its Motion For Pre-Trial Detention Of Defendant Ryan Stenwick.

1.    Preliminary Statement

On December 3, 2024, the defendant Ryan Stenwick ("Stenwick" or "the defendant") was arrested based upon an Indictment filed in the Eastern District of Pennsylvania (Docket No. 24-cr-407) charging him with: (a) one count of cyberstalking in violation of 18 U.S.C. § 2261A(2); (b) two counts of stalking in violation of 18 U.S.C. § 2261A(1), and (c) one count of using fire in commission of a federal felony in violation of 18 U.S.C. § 844(h).

The charges stem from the defendant: (a) forcing a young woman to cut herself and commit depraved sexual acts via a video chat platform while the defendant surreptitiously recorded her; (b) hiring Patrick McGovern-Allen ("McGovern-Allen"),[1] a member of the defendant's criminal

---

[1] In United States v. Patrick McGovern Allen, Docket No. 22-cr-288 (E.D.Pa.), McGovern-Allen pleaded guilty to two counts of cyberstalking and one count of use of fire in commission of a federal felony, and was sentenced to 160 months' incarceration.

organization, to firebomb a juvenile's house; and (c) hiring McGovern-Allen to shoot an occupied house.

The Government now seeks to detain the defendant pending his transfer to the Eastern District of Pennsylvania.

    2.    <u>Factual and Procedural History</u>

      a.    <u>Facts</u>

        i.    <u>Background on the Com</u>

These charges involve the defendant's participation in a criminal organization known as "the Com." The Com operates as a widespread criminal conspiracy. The object of the conspiracy is to gain access to protected financial systems through cyber-hacking to steal or extort funds. The targeted funds are often held as cryptocurrency. The group's cyber intrusions include corporate intrusions, malware development and deployment, and individual account compromises. The main goal of these intrusions is to obtain personal information, such as e-mail addresses, passwords, physical addresses, and phone numbers, that can then be used to steal money or cryptocurrency.

Membership within the Com is predicated upon a willingness to engage in criminal activity and an ability to assist members in their criminal endeavors. Within the Com, various subgroups exist organized in hierarchical structures. The subgroups and individuals within the subgroups coordinate with each other and work collaboratively to maximize profits from their crimes. Members of the Com also engage in intrusions into telecommunications companies and other companies to support and facilitate SIM swapping.[2] As a whole, the group is responsible for tens

---

[2] SIM swapping is a type of account takeover fraud that generally exploits weaknesses in authentication mechanisms targeting mobile telephones, allowing criminals to take over a victim's telephone communications. Cyber criminals will generally change the SIM card associated with a victim's account and/or telephone number with a SIM card the criminal controls. Once the SIM card is changed, the criminal controls the victim's telephone number, which then can be used to

2

of millions of dollars in stolen funds. While the SIM swapping and intrusions seem to be the primary ways that the Com members monetize their criminal activity, members of the Com also protect and promote themselves through intimidation, terror, and violence much like more traditional organized crime groups. These acts of violence often occur in the form of swatting[3] and bricking[4] attacks.

In sum, the group is an international, online criminal organization that steals vast sums of cryptocurrency and commits other criminal conduct. The Com has spawned its own online ecosystem, in which violence, cyber-harassment, extortion, and sexual exploitation is used to further the group's ability to steal, to demonstrate the power of its members, and to increase their reputation within and outside of their community. The defendant is a well-established member of that group.

  ii.  The Defendant Cyberstalks K.M.

Count One of the Indictment charges the defendant with cyberstalking K.M., a woman the defendant met through his online activities. Over the course of several months, the defendant engaged in a course of online and "in relief harassment" toward K.M. This included "swatting"

---

reset accounts containing valuable property (such as cryptocurrency accounts) or other valuable information. Many online accounts are secured with authentication features that rely on the user controlling a particular mobile telephone number. Consequently, once a victim's telephone number has been stolen by one of the perpetrators, the perpetrators hijack the accounts that they are targeting.

[3] "Swatting" a residence or institution occurs when an individual contacts 911 anonymously and reports a fake emergency to elicit law enforcement or SWAT Teams to be dispatched to the provided address. This is often done to harass or terrorize the individual(s) at the provided address by having law enforcement arrive at that address under the pretense of encountering a dangerous emergency.

[4] A "bricking" is an incident where a user throws a large rock through a target's window.

3

the victim's home and her family's houses. K.M. had also been victimized by having nude images of herself distributed without her permission, and the defendant had previously convinced her to attempt to commit suicide, which resulted in a lengthy hospitalization.

Ultimately, on July 11, 2020, the defendant and another individual forced K.M. to get "on camera" in a video chat platform. The defendant recorded what happened next, and a 50-minute video, entitled 2020-07-11 00-53-36.mkv, was recovered from his iCloud account.[5]  In that video, the defendant and a coconspirator berated the victim, degraded her, and forced her to commit various depraved acts. These including cutting herself with a razor blade, cutting "R" (for Ryan) into her thigh, and masturbating with the blood. During the video, Stenwick and his coconspirator make threats to contact the victim's mother and to swat her[6] in order to exercise control over K.M. and to force her to harm herself. By the end of the video, K.M. was sobbing and bleeding extensively, and she was later transported to the hospital.  Further investigation revealed text on the defendant's phone in which he admits to forcing  K.M. to commit these acts.

  iii. <u>The Defendant Arranges and Pays for the Firebombing of Juvenile A.R.'s House (Counts 2 and 3)</u>

On December 18, 2021, at approximately 12:30 a.m., McGovern-Allen and another individual travelled from New Jersey to Abington Township, Pennsylvania because the defendant hired them to firebomb the house of a female juvenile, A.R., whom the defendant had met through his activities with the Com. McGovern-Allen and his accomplice smashed a first-floor window on

---

[5] A copy of this video, along with a draft transcript, has been filed under seal and provided to defense counsel.

[6] Specifically, Stenwick and his coconspirator threaten to "blow [her] doors off." This is a reference to SWAT teams making forced entry into properties.

the front of the house with a large rock and threw a lit Molotov cocktail striking the window frame. McGovern-Allen video-recorded the attack as proof that he committed the crime.[7] A screenshot from the moment the firebomb struck the house is included below:



In the days that followed the firebombing, the video circulated on web applications used by the Com and among Com members. Stenwick bragged in those messages that he was responsible for the attack and "spam" posted the messages in various online groups. His messages were seen by the intended target of the firebombing, A.R., who previously resided at the home but was not present on the night of the attack because she had moved to a relative's home to avoid the

---

[7] A copy of this video, entitled Abington.mp4, has been filed under seal and provided to defense counsel.

Com-related harassment. The night that McGovern-Allen attacked her family's house with an incendiary device, A.R.'s mother and step-father were asleep inside. They awoke to a loud crash and soon after smelled smoke. When firefighters and police officers arrived at the house, they found the front of the house on fire and a shattered bottle near the front window. The fire department extinguished the flames on the front of the house and left.

Three hours later, the fire department returned to the house after the fire reignited. Responding firefighters found heavy smoke throughout the basement and the first floor. Abington Township fire investigators later determined that flammable liquids from the Molotov cocktail and accompanying fire seeped into the house and reignited in air ducts in the basement. The investigators determined the origin of the fire was the precise location where the defendant threw the Molotov cocktail, and the cause of the fire was incendiary. As explained below, investigators connected the defendant to this crime through evidence obtained from the defendant's chats and cryptocurrency tracing.

      iv.    The Defendant Arranges and Pays for the Shooting of K.M.'s House (Count 4)

On January 2, 2022, at approximately 2:00 a.m., McGovern-Allen and another individual traveled from New Jersey to Pennsylvania to a house where K.M. was staying. As described above, K.M. had previously been victimized by members of the Com for years. That night, McGovern-Allen and another individual filmed themselves shooting 8 rounds into K.M.'s house and later posted it on social media platforms regularly used by members of the Com.[8] K.M. and others were inside the house at the time of the incident. The bullets traveled into the home and

---

[8] A copy of this video, entitled 1016 Centre School Shotting.MOV, has been filed with the Court under seal and provided to defense counsel.

were later found in a wall, piano leg, table, and small stool. K.M.'s family reported fearing for their lives during the incident and stated that they remain in fear for their safety.

FBI agents began investigating both the shooting and the firebombing as related acts after learning that they were related to the Com. Investigators gathered evidence that Stenwick had taken credit for the attacks in online forums and began examining cryptocurrency payments made to McGovern-Allen. These payments, which were made just before and just after the firebombing and shooting attacks, were traced from Stenwick's online wallets to McGovern-Allen's online wallets. Additional evidence recovered from Stenwick's iCloud account and chat platforms show him discussing the arrangement for the firebombing and shooting with other members of the Com. In other words, the evidence linking Stenwick to all of the above-described crimes is strong.

> b. <u>Procedural History</u>

On November 7, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned a four-count indictment charging Stenwick with the crimes described above. On December 3, 2024, FBI agents arrested Stenwick.  The Government now moves for detention.

> 3. <u>Legal Standard</u>

The Government moves for Stenwick's detention based upon his risk of flight and his commission of a "felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device." <u>18 U.S.C. § 3142(f)(1)(E)</u>.

Under the Bail Reform Act of 1984, pretrial detention is required if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." <u>18 U.S.C. § 3142(e)</u>.  The Court must find either (1) by clear and convincing evidence, that the defendant is a danger to the community or (2) by a preponderance of the evidence, that the defendant poses a risk of flight. <u>18</u>

7

U.S.C. § 3142(f).

Title 18, United States Code, Section 3142(g) outlines factors permitted to be considered by the Court in determining whether to order pre-trial detention:

> [I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning–
>
> (1)    The nature and circumstances of the offense charged . . .;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person, including
>
> > (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State, or local law; and
>
> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

At the detention hearing, "the rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information . . . ." 18 U.S.C. § 3142(f).

### 4.    The Defendant Should Be Detained

The defendant should be detained because he is both a risk of flight and a danger to the community, and all of the Section 3142(g) factors strongly favor detention.

8

a.      The Offense Is Grave

The "nature and circumstances of the offense charged," including the victimization of a minor female, the use of an incendiary device at an occupied residence, and the discharge of a firearm into another occupied residence, weigh heavily in favor of detention. 18 U.S.C. § 3142(g)(1).  The defendant's crimes involve sexual and life-threatening violence. He forced a young woman to commit depraved acts on herself for his amusement. He was able to exercise this power over the victim because he had engaged in a prior course of terrorizing conduct that led to the victim to attempt suicides. Undeterred, the defendant continued to target the victim and make her commit horrific acts as a way to wield his power within the Com.

The defendant's own words, taken from a note recovered on his electronic devices, demonstrate why he is such a danger to the community: "*basically long story short I'm a bad person who doesn't have a problem w making people I dislike attempt suicide but then at the same time I'm a sweetheart and I'm friends w her now and support her thru her mental illness and shit idk I'm just fucked in the head.*"[9]

Even these deplorable acts of sexual violence were not enough for the defendant. He later hired McGovern-Allen to shoot K.M.'s house just days after he hired McGovern-Allen to firebomb A.R.'s residence. These crimes posed the gravest type of danger to the community, and the defendant is frankly fortunate that no one was either burned to death or shot. The nature and circumstances of these offenses weighs clearly in favor of detention.

b.      The Evidence Is Powerful

The "weight of the evidence" is extremely strong and weighs heavily in favor of detention.

---

[9] A copy of this note, entitled Stenwick Notes App.pdf, has been filed with the Court under seal and provided to defense counsel.

9

18 U.S.C. § 3142(g)(2).  As described above, the defendant's own words — both in the form of chats and notes he used to document his feelings about the crime — directly link him to the crimes described above. Additionally, cryptocurrency tracing shows that the defendant used stolen funds to pay for the shooting and firebombing. This direct evidence makes the likelihood of conviction strong, which creates a powerful incentive to flee. This incentive is compounded by the significant sentence that the defendant faces if convicted. He faces a 10-year mandatory minimum sentence under 18 U.S.C. § 844(h), and could face up to life imprisonment under 18 U.S.C. § 2261(b)(4), and 2242(1). An estimated guidelines calculation is as follows:

**Count 1 – Cyberstalking**

| Charge | Enhancements | Points |
|---|---|---|
| 18 U.S.C. § 2261A (Cyberstalking) | Base Offense level, § 2A6.2(c)(1); §2A3.1(a)(2) | 30 |
| | Victim sustained permanent or life-threatening bodily injury § 2A3.1(b)(4) | +4 |
| | | |
| | Total: | 34 |

**Count 2 -Stalking**

| Charge | Enhancements | Points |
|---|---|---|
| 18 U.S.C. § 2261A (Cyberstalking) | Base Offense level, § 2A6.2 | 18 |
| | Offense involves a "possession of threatened use of a dangerous weapon," § 2A6.2(b)(1)(E) | +2 |
| | Total: | 20 |

**Count 3 – Use of Fire in Commission of a Federal Felony**

| Charge | Enhancements | Points |
|---|---|---|
| 18 U.S.C. § 844(h) (Fire – Commission of Federal Felony) | Base Offense level, § 2K1.4 | 20 |
| | Total: | 20 |

10

**Count 4 - Stalking**

| Charge | Enhancements | Points |
|---|---|---|
| 18 U.S.C. § 2261A (Cyberstalking) | Base Offense level, § 2A6.2 | 18 |
| | Offense involves a "possession of threatened use of a dangerous weapon," § 2A6.2(b)(1)(E) | +2 |
| | Total: | 20 |

After grouping, the total adjusted offense level is 34. Because the defendant does not have a criminal history, his guidelines based upon a total adjusted offense level of 34 and a criminal history category of I are 151-188 months of incarceration.  He also faces a 120-month mandatory minimum sentence on top of these guidelines. The total guidelines calculation is therefore 271-308 months of incarceration. This incredibly serious exposure creates a powerful incentive for the defendant to flee and fail to appear for any court dates in Philadelphia. He should not be afforded that opportunity.

c.     <u>The Defendant's Personal History Is Concerning</u>

The defendant's "history and characteristics" also favor detention.  <u>18 U.S.C. § 3142(g)(3)</u>. Although the defendant does not have a criminal history, he is a part of an organization that commits large-scale cybercrimes and acts of violence. Access to this network gives the defendant access to large sums of wealth and access to cybercriminals around the world. There would simply be no way to prevent the defendant from tapping into his network or to assure his appearance in the Eastern District of Pennsylvania if he were to be released.

d.     <u>The Defendant's Release Endangers the Community</u>

As described above, the defendant presents the most grave form of danger to the community if released. He has shown an ability to commit both grievous acts of sexual violence and a willingness to hire members of his criminal organization to commit life threatening acts of

11

violence against people who he believes have wronged him. These victims were known to the defendant and are still within his reach. They would would be placed in serious risk if he is not detained. This factor also weighs in favor of detention pending removal to Pennsylvania.

     5.    <u>Conclusion</u>

     For the preceding reasons, the Government respectfully requests that the defendant be detained pending his removal to the Eastern District of Pennsylvania.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By:   <u>*/s/ Steven H. Breslow*</u>
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

**<u>Certificate of Service</u>**

     I hereby certify that this document will be filed with the Court and a copy will be sent by email to Kevin G. Murphy, Esq., who has represented the defendant during the investigation of the charged offenses.

By:   <u>*/s/ Steven H. Breslow*</u>
    STEVEN H. BRESLOW
    Assistant U.S. Attorney

Dated:  December 3, 2024

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants: Marshals (derek.mcshane@usdoj.gov, edeleon@usms.doj.gov,
erose@usms.doj.gov, john.ferragamo@usdoj.gov)
--No Notice Sent:

Message-Id:11121477@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Initial Appearance - Rule
5(c)(3)
Content-Type: text/html
```

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/4/2024 at 5:02 PM EST and filed on 12/3/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | <u>3:24-mj-03161-KAR</u> |
| **Filer:** | |

**Document Number:** 6(No document attached)

**Docket Text:**
 **Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Counsel, USPO LaValley, and Defendant appear for Initial Appearance in Rule 5(c)(3) Proceedings as to Ryan Stenwick held on 12/3/2024. A copy of the Indictment was provided and discussed with counsel. Defendant notified of his rights, the charges & potential penalties. Order pursuant to Federal Rule of Criminal Procedure 5(f) was read in open court and a written order shall issue.**

Defendant waives right to identity hearing and executes waiver. The Government is seeking detention. The court sets a detention hearing for December 5, 2024, at 2:45 p.m. The court remands Defendant to Marshals custody pending detention hearing.

(Attorneys present: AUSA Steven Breslow, Atty Kevin G. Murphy. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (Healy, Bethaney)


**3:24-mj-03161-KAR-1 Notice has been electronically mailed to:**

Kevin G. Murphy    kgmurphy@cmattys.net

Steven H. Breslow    steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov,

Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11121481@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Waiver of Rule 5 and 5.1
Hearings
Content-Type: text/html
```

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/4/2024 at 5:03 PM EST and filed on 12/3/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | 3:24−mj−03161−KAR |
| **Filer:** | Dft No. 1 − Ryan Stenwick |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
**WAIVER of Rule 5 (Identity) Hearings by Ryan Stenwick (Healy, Bethaney)**


**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy      kgmurphy@cmattys.net

Steven H. Breslow      steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov,
Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| USA | |
| v. | Criminal Action No.<br>**3:24−MJ−03161−KAR** |
| **RYAN STENWICK** | |

## ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5(f)

**Katherine A. Robertson U.S.M.J.**

Pursuant to the Due Process Protections Act, Public Law 116−182, 134 Sta. 894 (Oct. 21, 2020) and Rule 5(f) of the Federal Rules of Criminal Procedure, this court issues the following Order.  The United States is reminded of its obligation to disclose in a timely manner all exculpatory evidence to the defendant[s], that is, all evidence that is material and favorable to the defendant[s] or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  Specific categories for exculpatory evidence that must be provided to the defense are set out in Local Rule 116.2.  The failure to comply with this Order may result in consequences including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the court.

/s/ − **Katherine A. Robertson**

Dated:   December 4, 2024

UNITED STATES MAGISTRATE JUDGE

AO 470 (Rev. 01/09) Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  3:24mj3161-KAR |
| | ) | |
| RYAN STENWICK | ) | |
| *Defendant* | ) | |

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| Place: | U.S. District Court<br>300 State Street<br>Springfield, MA 01105 | Courtroom No.: | Franklin Courtroom |
|---|---|---|---|
| | | Date and Time: | 12/5/2024 2:45 PM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:       12/3/2024

/s/ Katherine A. Robertson
*Judge's signature*

Katherine A. Robertson, U.S. Magistrate Judge
*Printed name and title*

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants: Probation (mapdb_court_notices@map.uscourts.gov)
--No Notice Sent:

Message-Id:11124447@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Detention Hearing
```
Content−Type: text/html

**United States District Court**

**District of Massachusetts**

**Notice of Electronic Filing**


The following transaction was entered on 12/6/2024 at 12:01 PM EST and filed on 12/5/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | 3:24−mj−03161−KAR |
| **Filer:** | |
| **Document Number:** | 10(No document attached) |

**Docket Text:**
 **Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Counsel (AUSA Breslow and Attorney K. Murphy), Defendant (UC), and USPO Lavalley appear for Detention Hearing as to Ryan Stenwick held on 12/5/2024. AUSA Anthony Carissimi (PAED) and S/A Edward Conway (PAED) appear via zoom for hearing.**

Colloquy re: Government's proposed exhibits. The court admits the exhibits. Arguments heard re: detention. Court takes matter under advisement. Defendant is remanded to Marshals Service custody pending decision by the court.

Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (Healy, Bethaney)


**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy      kgmurphy@cmattys.net

Steven H. Breslow      steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov, Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **No. 24-mj-03161-KAR** |
| **v.** | |
| **RYAN STENWICK,** | |
| **Defendant.** | |

## DECLARATION OF SPECIAL AGENT EDWARD CONWAY IN SUPPORT OF PRE-TRIAL DETENTION

1.      I make this declaration in support of the Government's Motion For Detention of the defendant Ryan W. Stenwick ("Stenwick" or "the defendant") (D.5).

2.      I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") assigned to the Philadelphia division and have been employed in this position since March 2004. I am currently assigned to the Newtown Square, Pennsylvania Resident Agency where I investigate various financial and cyber crimes.

3.      I respectfully submit this Declaration to supplement the evidence submitted by the Government during the defendant's detention hearing on December 5, 2024.    D.6.    This declaration does not set forth all of my knowledge about this matter.

*Evidence Of Continued Criminal Activity Since The Charges Alleged In The Defendant's Indictment*

4.      I have been involved in the investigation of Stenwick since 2021. During that time, I have conducted interviews, served search warrants, and collected evidence that supported the indictment that underlies the current prosecution. Since the defendant's arrest on December 3,

2024, I have uncovered additional evidence demonstrating that he has continued to engage in criminal acts as a member of the Com <u>after</u> the charges alleged in his Indictment.

5.      During my investigation, I became aware of a series of swatting incidents that occurred in March and April 2024 that targeted K.M. and her boyfriend G.C.  The subject used various tools to hide his true identity, including Virtual Private Network providers and encrypted email accounts created in the name of K.M. and G.C.  The subject contacted various police departments, municipalities, schools, and even suicide crisis hot lines, and impersonated K.M. or G.C. The subject claimed to have committed homicide and arson or to be planning to commit a mass shooting.  The subject provided the address of K.M. and G.C. as well as the address of G.C.'s parents.   In separate swatting incidents, police responded to the residence of K.M. and G.C. on March 20, 2024; April 21, 2024; April 22, 2024; and twice on April 23, 2024.  In addition, G.C.'s parents were swatted at their residence on April 20 and 25, 2024.

6.      On July 29, 2024, I questioned Stenwick about these swattings.  In response to my inquiry, Stenwick told me he had no role in the recent swattings of K.M. or G.C. Moreover, he told me he does not know who is behind the swattings and that he had not taken any steps to determine the current location of K.M.

7.      Following his arrest, Stenwick provided written consent to search his iPhone 13 which was on his person at the time of his arrest.  *See* Government Exhibit 8 submitted during the detention hearing.  During a search of Stenwick's phone, I located evidence that establishes Stenwick's involvement in the swattings.  For example:

   a.   Stenwick's Internet search history included a search on K.M. and G.C.'s current address to include the specific apartment number — the very same address to which police responded five times in March and April 2024.

2

b.   I also located a screenshot which contained G.C.'s Doxbin[1] information to include his parent's home address—the very address that was swatted in April 2024—his phone numbers, his mother's phone number and other personally identifiable information.  The screenshot contained the message "I have his dox OMGGG. . .hehehehe I knew that would come in handy !!!"

8.     I believe the evidence shows Stenwick lied during his interview and directly connects him to the swattings described above. At the time I questioned Stenwick about these swattings, he knew that he was under investigation by the FBI and was ostensibly cooperating with his investigation, as counsel indicated during the detention hearing.

9.     Stenwick's phone also contained information that he swatted additional victims previously unknown to me.   Based on a review of messaging applications, Stenwick regularly conversed with L.A., a minor residing in California.  Based upon the graphic sexual nature of the conversations, I understood Stenwick and L.A. to be involved in an online dating relationship. Stenwick is 24 years old and LA is 17 years old.  At the detention hearing, the Government submitted examples of some messages that Stenwick sent to L.A. as Government Exhibit 9.

10.    On December 5, 2024, an FBI Agent assisting in this investigation contacted the Santa Cruz, California Sheriff's Department ("SCSD"), which covers the residence of L.A.  The SCSD provided three police reports that detailed swattings and other online harassment targeting LA and her family.   In fact, the reports detailed at least three swattings and other harassing incidents including the theft of L.A.'s mother's credit card information that occurred between April

---

[1] Doxbin is a site in which cyber criminals post personally identifiable information of targets. Swatters and cyber criminals use the information to victimize the individuals.

3

and late October 2024.  Copies of these police reports are attached hereto as Government Exhibit 15.

11.     According to these police reports, investigating officers interviewed L.A., who stated:

    a.  Stenwick as the individual behind the swattings and harassment.

    b.  L.A. met Stenwick in and around February 2024, while playing games online. The two began texting directly in and around April 2024.  However, Stenwick became upset when L.A. did not make herself available.

    c.  Thereafter, Stenwick began to send strange messages which included L.A.'s personally identifying information.  LA also received messages from unknown numbers, some of which warned her that Stenwick is dangerous.  L.A. found the messages threatening.

    d.  Stenwick told L.A. that he had paid people in the past to initiate a swatting calls. Stenwick specifically told L.A. that he paid the same people to throw a Molotov cocktail at a girl (which is a reference to the incident that serves as the basis for Counts 2 and 3 of the Indictment).

    e.  L.A. had spoken through the Discord messaging app to the victim of the Molotov cocktail attack and identified that victim as A.R.

12.     A search of Stenwick's cell phone located a screen recording which summarizes what Stenwick did to harass L.A., including "Swatted her."   At the detention hearing, the Government submitted a copy of this screen recording as Government Exhibit 10.

4

*Evidence That Stenwick Poses A Danger To The Community*

13.     On the same day that FBI Agents and Task Force Officers conducted a search of Stenwick's residence in August 2022, FBI Agents seized Stenwick's cell phone pursuant to a court order.  I reviewed the contents of the cell phone.  Of note, I located a photograph a pre-pubescent female with her pants unbuttoned and covering her breasts.[2]

14.     A search of Stenwick's cell phone seized on December 3, 2024, contained other evidence of his pedophilia, including his web search history.  *See* Government Exhibit 14, submitted at the defendant's detention hearing.  This web search history includes the following:

     a.  is pedo a sin

     b.  what is grooming a minor

     c.  7 year old bikini gallery

     d.  little girl bikini gallery

15.     Further, the defendant's text messages to L.A. include the following statements:

     a.  "being sexual with my underage girlfriend is my favorite thing in the world."

     b.  "I love grooming u."

16.     Similarly, Stenwick engaged in text messages with another unknown individual that contained other evidence of his pedophilia.  See Government Exhibit 10, submitted at the detention hearing.  This evidence the following messages:

     a.  "do u like pedos"

---

[2] The FBI has made attempts to identify the female to include contacting the mother of a minor known as A.N., with whom Stenwick had been communicating.  To date, the FBI has not been able to identify the female pictured.

5

    b.  "I just wanna fuck little middle schoolers. . . "

17.    A search of Stenwick's phone seized on December 3, 2024, identified evidence that he continues to be involved in cyber crime.  See Government Exhibit 14.  For instance, Stenwick's web search terms included:

    a.  how to set up smpt server for sooof mailing [sic][3]

    b.  how many devices can you use mullvad on[4]

    c.  can you change your mullvad account number

    d.  pentesting software tenant[5]

    e.  most widely used pentesting software

    f.  phishing kit sample[6]

    g.  0ktapus phishing kit

18.    Stenwick's phone also contained applications that cyber criminal and swatters employ to commit crimes and conceal their true identities, including:

---

[3] SMTP stands for simple mail transfer protocol.  I believe Stenwick meant to search on "how to set up SMTP server for spoof mailing," which would be a technique to mask the origins of email addresses.

[4] Mullvad is a virtual private network (VPN) service that offers a secure and anonymous way to connect to the internet.  Mullvad has a strict no-logs policy and uses anonymous account numbers. Mullvad does not require an email address or phone number to create an account, and it allows cash payments.  I know from my training and experience that cyber criminals often use Mullvad to hide their true identities and thwart law enforcement.

[5] Penetration testing, also known as a pen test, is a security exercise that simulates a cyberattack to identify weaknesses in a computer system.

[6] Phishing is the fraudulent practice of sending emails or other messages purporting to be from reputable companies or individuals in order to induce individuals to reveal personal information, such as passwords and credit card numbers.

6

a. SpoofCard –a free app that allows users to change their caller ID and send texts from anonymous numbers

b. VPN app – a tool that creates a secure connection between a device and a remote server over the internet and is often used to mask the true IP address of the user

c. Telegram and Signal – end to end encrypted messaging apps tha cannot be intercepted, and the contents cannot be provided to law enforcement even with a court order as the provider cannot see the contents

19.    Based upon my training, experience, and knowledge of the case, I believe that that Stenwick poses a danger to the community by engaging in pedophiliac conduct, swattings, and other criminal behavior.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2024.


*/s/ E. Edward Conway*
E. EDWARD CONWAY
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                              No. 24-mj-03161-KAR

RYAN STENWICK,                                            FILED UNDER SEAL

                    Defendant.

## <u>GOVERNMENT EXHIBIT 15</u>

1.      Reports of the Santa Cruz, California Sheriff's Department ("SCSD"), which contain personal identifying information, referenced in paragraph 10 of the Declaration of Special Agent E. Edward Conway, Federal Bureau of Investigation.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-mj-03161-KAR** |
| **RYAN STENWICK,** | |
| **Defendant.** | |

## <u>MOTION TO SEAL</u>

The United States of America, by its undersigned attorneys (the "Government"), respectfully moves this Court to seal the following exhibits that were moved into evidence at defendant Ryan Stenwick's detention hearing on December 5, 2024, and the single exhibit accompanying the Declaration of Special Agent Conway in Support of Pretrial Detention until further order of this Court. In support of this motion, the Government states that sealing is warranted for three principal reasons.

First, many of the exhibits contain personal information about victims who were specifically targeted because their personal information became available to members of the Com. The exhibits submitted at the detention hearing and included with Special Agent Conway's declaration include names, phone numbers, addresses, and online monikers that, if filed publicly, would put the victims at risk of continued targeting for criminal conduct by the defendant's criminal organization.

Second, the exhibits contain sensitive information — specifically, information about juveniles and a video that depicts the sexual exploitation of a young woman. Some of the exhibits contain sexually graphic messages in which the defendant expresses his desire to rape underage

girls, and they also include that girl's true identity, her contact information, and information about her family. Protecting the identity of juvenile victims is particularly important and their information must be handled with particular care. Sealing is therefore appropriate.

Finally, the exhibits contain information regarding this ongoing investigation, including monikers and identifiers of individuals who have not been charged and personal identifying information of law enforcement officers who have investigated this group. In the past, members of law enforcement whose personal information is made available to the group have been subject to retribution in the form of harassing phone calls and swatting attacks. It is therefore appropriate that these exhibits be filed under seal.

Specifically, the Government respectfully requests that the following documents be filed under seal:

| Govt. Exhibit Number | Contents | When Offered as Evidence |
|---|---|---|
| 1 | Approx 50 minute video of Stenwick forcing K.M. to commit self-harm and sexual acts | Detention Hearing |
| 2 | Transcript of video (GX 1) | Detention Hearing |
| 3 | Video of residence firebombing | Detention Hearing |
| 4 | Video of residence shooting | Detention Hearing |
| 6 | Excerpt from search warrant affidavit containing statements of the defendant and others | Detention Hearing |
| 7 | Note recovered from Stenwick's iCloud | Detention Hearing |
| 8 | FBI FD-26 Consent to Search executed by Stenwick | Detention Hearing |
| 9 | Chat between Stenwick and L.A. | Detention Hearing |
| 11 | Chat regarding middle school girls | Detention Hearing |
| 12 | Signal chat | Detention Hearing |
| 13 | Screenshot of chat targeting J.C. | Detention Hearing |
| 14 | E-Mail from Special Agent Conway detailing search terms recovered from Stenwick's phone | Detention Hearing |
| 15 | Police reports related to swatting of L.A. | Declaration of SA Conway in Support of Pretrial Detention |

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By:     *Steven H. Breslow*
       STEVEN H. BRESLOW
       Assistant U.S. Attorney
       (413) 785-0330
       steve.breslow@usdoj.gov

Dated:  December 10, 2024

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11130176@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Order on Motion to Seal
Document
```
Content−Type: text/html

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/10/2024 at 2:38 PM EST and filed on 12/10/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | <u>3:24−mj−03161−KAR</u> |
| **Filer:** | |
| **Document Number:** | 13(No document attached) |

**Docket Text:**
**Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting [12] Motion to Seal Document as to Ryan Stenwick (1) (Zamorski, Michael)**

**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy    kgmurphy@cmattys.net

Steven H. Breslow    steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov, Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **RYAN STENWICK** | ) | Case No.    24-mj-03161-KAR |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

&#9745; Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

&#9744; Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

&#9744; **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  &#9744; **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    &#9744; **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    &#9744; **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    &#9744; **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    &#9744; **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    &#9744; **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

  &#9744; **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

  &#9744; **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

  &#9744; **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ❏ Prior criminal history
    ❏ Participation in criminal activity while on probation, parole, or supervision
    ❏ History of violence or use of weapons
    ❏ History of alcohol or substance abuse
    ❏ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties

❑ Lack of significant community or family ties to this district
❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
❑ Prior failure to appear in court as ordered
❑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
❑ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

Defendant Ryan Stenwick (Stenwick) has been indicted in the Eastern District of Pennsylvania on one count of cyberstalking in violation of 18 U.S.C. section 2261A(2); two counts of stalking in violation of 18 U.S.C. section 2261A(1); and one count of using fire in the commission of a federal offense in violation of 18 U.S.C. section 844(h). The government has moved for pretrial detention, arguing that there are no conditions of pretrial release that will reasonably assure the safety of another or the community if Stenwick is released pending trial and no conditions that will reasonably assure his appearance in court as required. As to the latter contention, the government relies principally on the length of the potential sentence Stenwick faces if he is convicted. Although Stenwick has been indicted in the Eastern District of Pennsylvania, he elected to assert his right to a pretrial detention hearing in the District of Massachusetts where he resides. By agreement, the parties proceeded by proffer at the detention hearing. The facts set forth herein come from the Pretrial Services Report (PSR), the government's exhibits, admitted without objection from Stenwick, and proffers from counsel.

The factors to be considered by the court include the nature and circumstances of the offense alleged; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. section 3142(g).

I. Danger to Another or the Community

1. The nature and circumstances of the offenses alleged are serious. The cyberstalking count is supported by an exceptionally disturbing video-recording showing coercion, abuse, and degradation of K.M. by Stenwick and a friend, including self-inflicted physical harm and sexual exploitation (Exh. 2). The stalking counts are based on the government's allegation that Stenwick paid an associate, Patrick McGovern Allen (Allen) to shoot at K.M.'s home while it was occupied and to firebomb the house of a minor victim, also while the home was occupied. Allen pled guilty to two counts of cyberstalking and one count of use of fire in the commission of a federal offense. While Allen did not identify Stenwick as an individual who commissioned these acts, the government has forensic evidence tending to show that Stenwick solicited their commission. Neither K.M. nor the minor victim were in their homes when the homes were firebombed and shot at because these victims had fled their homes to avoid swatting, violence, and on-line coercion by Stenwick and his associates. The seriousness of the offenses is reflected in the very substantial potential penalties that Stenwick will face if he is convicted. The nature and circumstances of the offenses weigh very strongly in favor of detention.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____12/12/2024_____          _____
                                          Katherine Robertson
                                          United States Magistrate Judge

Stenwick, con't.

2. The weight of the evidence.

The government has forensic evidence of Stenwick's responsibility for the crimes with which he is charged in the form of video-recordings, text messages, and other material recovered from Stenwick's digital devices or obtained from other sources. A grand jury found probable cause to believe that he committed the offenses with which he is charged, and it further appears he has made some admissions of criminal conduct. These facts are "sufficient to demonstrate that the weight of the evidence favors detention." *United States v. Groves*, 693 F. Supp. 3d 106, 110 (D. Mass. 2023).

3. Stenwick's history and characteristics.

Stenwick is 24 years old (PSR at 1). He reported during his interview with the Probation Department that he was expelled from high school for threatening to bomb the school. He obtained a high school diploma and earned an associate's degree at a local community college (PSR at 2). He has no criminal history (PSR at 2). It follows that he has no history of failing to appear in court as required or of violating probation conditions. For its part, the government alleges that Stenwick is (or was) a member of a loosely affiliated group of individuals known as "the Com" who work together to gain access to protected financial systems through cyber-hacking to steal or extort funds, and protect and promote themselves through acts of swatting, intimidation, and terrorization. The Cellbrite extraction from Stenwick's cell phone, which was searched with his consent around the date of his arrest, appears to show a present intent to engage in cyber-hacking for profit, although the court cannot determine whether these text messages are merely posturing or evidence of intent and actual ability to engage in cyber-hacking for profit (Exh. 12). In any event, Stenwick's inability or unwillingness to change his

focus and activities even after he knew he was under investigation by law enforcement, does not speak to a character that is likely to refrain from illegal conduct while on pretrial release.  *See United States v. Ramos-Meléndez*, CRIM NO. 24-77 (RAM), 2024 WL 1430783, at *6 (D.P.R. Apr. 3, 2024) (finding that the defendant's continued illegal contact with a minor victim after she knew that her illegal conduct had been discovered mitigated against pretrial release; collecting cases).

      Stenwick has supportive family members in the Western Massachusetts community, including his mother, father, and brother, who live in the home in West Springfield where Stenwick was living when he was arrested.  Stenwick's mother is a principal at a local public school.  His father is retired and currently being treated for cancer.  Stenwick's brother frequently works from home.  Stenwick's immediate family members attended the detention hearing.  The court does not doubt the family's support for the defendant, nor its commitment to attempting to assure his compliance with conditions of pretrial release if he is released pending trial.  There is, however, abundant probable cause to believe that he committed the offenses that bring him before the court while he was living in the residence to which he proposes to return, with the same family members who either were unaware of his illegal and harmful conduct or were unable to deter him.

      While there are aspects of Stenwick's personal characteristics and history that support pretrial release, including his age, lack of criminal history, and strong family ties, he has a history of threatening violence as far back as high school; there is probable cause to believe that he solicited another to commit life-threatening acts – firebombing and shooting at occupied homes – and the tone and content of his participation in the coercion and sexual degradation of K.M. are

reprehensible. Notwithstanding some positives, his personal history and characteristics weigh in favor of pretrial detention.

4. Seriousness of the danger. Stenwick would pose a very serious danger to others and the community if he were to be released pending trial. There is probable cause to believe that he participated in cyber-stalking and swatting that severely disrupted and endangered the lives of his victims and their families. He has demonstrated a capacity for manipulating and coercing a vulnerable victim and taking pleasure in her degradation. He appears to have concealed his activities from the family members with whom he was living, and the fact of an on-going investigation did not dissuade him from at least discussing participation in further criminal conduct.

Overall, the court finds that the government has met its burden by clear and convincing evidence that the defendant would pose a danger to another person or the community if he were released pending trial.

II.      Risk of Flight or Non-appearance.

Relying entirely on the possible length of the sentence Stenwick faces if convicted, the government also asserts that Stenwick poses a risk of flight or non-appearance if he is released. The court is not persuaded that pretrial detention is warranted based on risk of flight or non-appearance. The government has not shown that Stenwick has contacts in any federal judicial district other than Massachusetts or in any foreign country. His immediate family members live in West Springfield and he has lived at the same address since he was born (PSR at 1). According to the PSR, Stenwick reported that his parents support him. The government has not shown that he has the financial resources to flee. While it is possible that he would know how to obtain false identity documents through Internet contacts, the government has not made a

showing on this point.  The court agrees with the government that a potentially lengthy sentence may be a powerful motivator for flight, but without some showing that a defendant has at least some of the knowledge and resources necessary for flight, the court is not persuaded that the prospect of a lengthy sentence, without more, would be a sufficient reason to detain Stenwick pending trial.

      III.     Conditions of Release.

      The government having proved that Stenwick would pose a danger to another person or the community, the court turns to whether there are conditions of release that would reasonably assure the safety of another or the community if Stenwick is released.  *See Groves*, 693 F. Supp. 3d at 110-11.  The Probation Department recommended pretrial release on the conditions that Stenwick not be permitted to possess any device capable of connecting to the Internet, that he maintain employment (which had been at a local grocery store), that he not use any illegal controlled substance and that he submit to testing, that he avoid all contact, direct or indirect with any victim in the case, and that he not have any contact with any individual under the age of 18.  Through counsel, Stenwick proposed as an additional condition that members of his immediate family would serve as a third-party custodians to ensure his compliance with conditions of release.

      The court is not persuaded that the proposed conditions will reasonably ensure the safety of another or the community if Stenwick is released pending trial.  While Stenwick's parents and his brother live in the home, and, again, the court does not doubt his family's intention to assure his compliance with any release conditions set by the court, the presence of his family members did not deter Stenwick from the alleged illegal conduct that brings him before the court.  Nor, based on the Cellbrite extraction, did the information that his activities were already under

investigation by law enforcement dampen his enthusiasm for cyber-hacking (Exh. 12). It appears that Stenwick's life for the last five years or so has, for the most part, been lived on-line. At the hearing, defense counsel argued that Stenwick should be released because he will not present any danger to the community without access to the Internet. That may be true, but the grave risk of harm to others that Stenwick poses when he has access to the Internet is a major barrier to pretrial release. As a number of courts have observed, a defendant's "access to electronic devices or the Internet would be difficult, if not impossible, to prevent. That is true whether the devices are located in [his] home, at work, or anywhere along the route to and from a place of employment." *Groves*, 693 F. Supp. 3d at 111; *see also United States v. Rosa-Martinez*, Crim. No. 24-257 (GMM), 2024 WL 4441725, at *7 (D.P.R. Oct. 7, 2024) (observing that the Probation Department would have limited ability to ensure that the defendant had no access to devices with Internet capabilities; noting the ubiquity of such devices in society; and collecting additional cases making this point). There is a very real possibility that Stenwick, with his history and personal characteristics as shown by the government's evidence, would not comply with the condition to refrain from all on-line activity, and the harm that might result if he does engage in such activity is a risk that the court cannot countenance.

In short, and under the circumstances, the court is not convinced that there is a condition or a combination of conditions that would reasonably assure the safety of another or the community if Stenwick is released pending trial.

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11133668@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Order on Motion for Detention
```
Content−Type: text/html

## United States District Court

## District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/12/2024 at 10:14 AM EST and filed on 12/12/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | <u>3:24−mj−03161−KAR</u> |
| **Filer:** | |
| **Document Number:** | 16(No document attached) |

**Docket Text:**
**Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting [4] Motion for Detention as to Ryan Stenwick (1). (Lendon, Tyler)**

**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy       kgmurphy@cmattys.net

Steven H. Breslow      steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov,
Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RYAN STENWICK | )    Case No.   3:24MJ3161-KAR |
| | ) |
| | )    Charging District's |
| *Defendant* | )    Case No.   24cr407 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ Eastern _____ District of _____ Pennsylvania _____ ,

*(if applicable)* _____ division. The defendant may need an interpreter for this language:

n/a _____ .

The defendant:   ❒   will retain an attorney.

               ❒   is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: _____ 12/13/2024 _____

_____ /s/ Katherine A. Robertson _____
*Judge's signature*

_____ Katherine A. Robertson, U.S. Magistrate Judge _____
*Printed name and title*

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11137380@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Terminate Criminal Case
```
Content−Type: text/html

## United States District Court

## District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/13/2024 at 4:36 PM EST and filed on 12/13/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | <u>3:24−mj−03161−KAR</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Case Terminated as to Ryan Stenwick. (Healy, Bethaney)**

**No public notice (electronic or otherwise) sent because the entry is private**

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Steven H. Breslow (caseview.ecf@usdoj.gov, erika.minster@usdoj.gov,
steve.breslow@usdoj.gov, usama.ecf@usdoj.gov, vinita.garrick@usdoj.gov), Kevin G. Murphy
(kgmurphy@cmattys.net), Magistrate Judge Katherine A. Robertson
(jane_montori@mad.uscourts.gov, katherine_robertson@mad.uscourts.gov,
lizette_richards@mad.uscourts.gov, melissa_calderon@mad.uscourts.gov)
--Non Case Participants: Notice of Transfer (kerri_garbus@mad.uscourts.gov)
--No Notice Sent:

Message-Id:11137390@mad.uscourts.gov
Subject:Activity in Case 3:24-mj-03161-KAR USA v. Stenwick Rule 5(c)(3) Documents Sent
Content-Type: text/html
```

## United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/13/2024 at 4:38 PM EST and filed on 12/13/2024

| | |
|---|---|
| **Case Name:** | USA v. Stenwick |
| **Case Number:** | 3:24−mj−03161−KAR |
| **Filer:** | |
| **Document Number:** | 18(No document attached) |

**Docket Text:**
**Rule 5(c)(3) Documents Sent as to Ryan Stenwick to Eastern District of Pennsylvania District. (Healy, Bethaney)**

**3:24−mj−03161−KAR−1 Notice has been electronically mailed to:**

Kevin G. Murphy     kgmurphy@cmattys.net

Steven H. Breslow     steve.breslow@usdoj.gov, CaseView.ECF@usdoj.gov, USAMA.ECF@usdoj.gov, Vinita.Garrick@usdoj.gov, erika.minster@usdoj.gov, usama.ecf@usdoj.gov

**3:24−mj−03161−KAR−1 Notice will not be electronically mailed to:**