# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIM. NO. 24-cr-407** |
| **RYAN STENWICK** | : | |

## GOVERNMENT'S UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION AND TRIAL CONTINUANCE

The United States of America, by its attorneys Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Anthony J. Carissimi, Assistant United States Attorneys, respectfully requests that the Court designate this case as a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and continue the trial date pursuant to 18 U.S.C. § 3161(h)(7)(A). Counsel for the defendant has indicated that the defense will not oppose this motion. In support of its motion, the government states the following:

1. On November 7, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging the defendant, Ryan Stenwick, with two counts of stalking in violation of 18 U.S.C. § 2261A(1), one count of cyberstalking in violation of 18 U.S.C. § 2261A(2), and one count of using fire in commission of a federal felony in violation of 18 U.S.C. § 844(h).

2. Due to the nature of the investigation, there is a considerable amount of information collected during the investigation, which was conducted over the course of multiple years. This includes numerous electronic devices and investigative materials from multiple jurisdictions across the country and abroad.

3. The defendant was arrested in Massachusetts and, following detention proceeds, was

ordered detained pending trial and removal to the Eastern District of Pennsylvania on December 12, 2024. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), trial must commence within 70 days of the defendant's appearance before a judicial officer of the court in which the charge is pending. A trial date has initially been set for March 3, 2025.

4. The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In particular, a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). This case warrants a complex case designation because of the large volume of evidence that the government has compiled and is working to produce in discovery. The discovery including multiple computers— consisting of terabytes of data—cellular phones that include thousands of chat communications and hundreds of thousands of images and videos, and other electronic storage devices.

5. The government submits that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) due to the nature of the prosecution, the amount of discovery, and the nature of the evidence. Therefore, it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits of the Speedy Trial Act.

6. In addition, § 3161(h)(7)(B)(iv) provides that if the case, "taken as a whole, is not so unusual or so complex" to fall within § 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

7.     The government submits that the ends of justice favor a continuance because the parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial.

8.     Accordingly, the government respectfully requests that the Court designate this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii), and find that the failure to grant a continuance would deny the parties reasonable time necessary for effective preparation, and grant a continuance of the trial date under § 3161(h)(7)(A).  Undersigned counsel has conferred with counsel for the defendant, and he does not oppose this request. A proposed order is attached.


Respectfully submitted,

Jacqueline C. Romero
United States Attorney
Eastern District of Pennsylvania

*/s/ Anthony J. Carissimi*
Anthony J. Carissimi
Assistant United States Attorneys

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIM. NO. 24-cr-407** |
| **RYAN STENWICK** | : | |

## <u>ORDER</u>

AND NOW, upon consideration of the government's unopposed motion to designate this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii), to exclude time from the Speedy Trial Act computation under 18 U.S.C. § 3161(h)(7)(B)(iv), and to continue the trial under § 3161(h)(7)(A), it is ORDERED AND DECREED that the government's motion is GRANTED.

In granting this motion, the Court makes the following findings:

9.     A.     On November 7, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging the defendant, Ryan Stenwick, with two counts of stalking in violation of 18 U.S.C. § 2261A(1), one count of cyberstalking in violation of 18 U.S.C. § 2261A(2), and one count of using fire in commission of a federal felony in violation of 18 U.S.C. § 844(h).

B.     The government reports that the there is a considerable amount of discovery in this case and it includes numerous electronic devices and investigative materials from multiple jurisdictions across the country, among other things.  It is expected that discovery production will take some time.  Defense counsel will need adequate time to review the discovery and prepare for trial.

ACCORDINGLY, the Court finds under 18 U.S.C. § 3161(h)(7)(B)(ii) that due to

the nature of the prosecution, and the nature and quantity of the government's evidence, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by the Speedy Trial Act. The Court further finds under 18 U.S.C. § 3161(h)(7)(B)(iv) that failure to grant a continuance would deny the parties reasonable time necessary for effective preparation. Accordingly, the Court finds that the ends of justice served by a granting a continuance of the Speedy Trial Act requirements outweigh the interests of the public and each defendant in a speedy trial. It is hereby ORDERED pursuant to 18 U.S.C. § 3161(h)(7)(A) that trial in this case is continued beyond the time limits established by the Speedy Trial Act.

IT IS FURTHER ORDERED AND DECREED that the matter is continued for a period of six months, and the time from the date of this Order until the new trial date shall be excluded from the Speedy Trial Act computation under 18 U.S.C. § 3161(h)(7)(B)(iv).

SO ORDERED, this _____ day of February 2025.

BY THE COURT:

_____
HON. GERALD J. PAPPERT
*United States District Court Judge*

<u>CERTIFICATE OF SERVICE</u>

      I certify that a copy of the Government's Motion Complex Case Designation and

Continuance, along with the Proposed Order, was served by email on the following defense

counsel:

                  Jordan Zeitz, Esquire
                  Jgz215@aol.com

DATED:  February 13, 2025

                        /s/ *Anthony J. Carissimi*
                        Anthony J. Carissimi
                        Assistant United States Attorney